UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| AKONO G. OLATUNJI, | ) |
| Plaintiff | ) |
| vs. | ) CAUSE NO. 3:03-CV-688 RM |
| CECIL DAVIS, *et al.*, | ) |
| Defendants | ) |

OPINION AND ORDER

The court granted summary judgment to the defendants in this case, finding that plaintiff Akono Olatunji did not exhaust his administrative remedies. Almost a year later, Mr. Olatunji filed a motion to reconsider. More than ten days elapsed between the entry of judgment in this case and the date Mr. Olatunji filed his motion to reconsider, so the court must consider his filing as a motion filed pursuant to Fed. R. Civ. P. 60, rather than as one filed pursuant to Fed. R. Civ. P. 59. Talano v. Northwestern Medical Facility Foundation, Inc., 273 F. 3d 757, 762 (7th Cir. 2001). Rule 60 allows a party to seek relief from a judgment if there has been a clerical mistake or where there has been a mistake, inadvertence, excusable neglect, newly discovered evidence, or fraud.

Mr. Olatjunji first asserts that he "did exhaust his disciplinary appeals." (Motion at p. 1). Mr. Olatunji, however, did not present this argument in response to the defendants' motion for summary judgment, and it does not fit within the class of arguments Mr. Olatunji may present pursuant to Fed. R. Civ. P. 60. Moreover, neither the Supreme Court nor the Seventh Circuit has held that actions other than filing a formal grievance can constitute the functional equivalent of filing a grievance. Accordingly, that Mr. Olatunji

may have appealed a finding of guilt by a prison disciplinary board does not excuse him from following the prison's administrative grievance by filing a formal administrative grievance.

Mr. Olatunji also asserts that in January 2006, the new Indiana Department of Correction ("IDOC") Commissioner notified prisoners that the IDOC grievance procedure was dysfunctional, and "via videotape Mr. Donahue explained in great detail the inherent flaws/deficiencies of the old grievance system." (Motion at p. 2). This is also not an argument available to Mr. Olatunji in a Rule 60 motion. Moreover, whatever the defects of the IDOC's old grievance system, pursuant to § 1997e(a), it was an available administrative remedy — and a prisoner must exhaust available administrative remedies before bringing an action with respect to prison conditions. Booth v. Churner, 532 U.S. 731 (2001); Perez v. Wisconsin Dept. of Corrections, 182 F.3d 532, 537 (7th Cir. 1999).

For the foregoing reasons, the court DENIES the plaintiff's motion for reconsideration (docket #50).

SO ORDERED.

DATED: October  13 , 2006

                                                /s/ Robert L. Miller, Jr.
                                              Chief Judge
                                              United States District Court